**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Jerome M. Rozek, Sr.,                                        Case No. 3:13CV2655

                Plaintiff

            v.                                        **ORDER**

Ampro Computers, Inc., et al.,

                Defendants

This is an employment-discrimination case.

Plaintiff Jerome Rozek alleges his former employer, Ampro Computers, fired him because of his age. He brings claims against Ampro and its Vice President, Elizabeth Campbell, under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.*, Ohio's anti-discrimination statutes, and Ohio common law.

Jurisdiction is proper under 28 U.S.C. §§ 1331, 1332(a)(1), and 1367(a).

Pending is defendants' motion to dismiss all but Rozek's ADEA claim. (Doc. 10). For the following reasons, I grant the motion.

**Background**

Rozek worked at Ampro from December, 2011, to April 8, 2013, when the company terminated his employment. On that date Rozek was sixty-seven years old.

While in Ampro's employ, Rozek, according to his complaint, "was subjected to a hostile work environment" because of his age. (Doc. 1 at ¶13). His coworkers "engaged in conduct that was disrespectful, emotionally abusive, and intimidating relative to Rozek's age." (*Id.* at ¶14).

Rozek complained to Campbell, but she responded with "false accusations relative to Rozek's work product, performance, and his competency to complete tasks." (*Id.* at ¶16). According to Rozek, Ampro then fired him for "complaining about the hostile work environment." (*Id.* at ¶22).

In May, 2013, Rozek filed a charge with the Ohio Civil Rights Commission (OCRC), alleging Ampro subjected him "to age remarks" and "discharged [him] due to [his] age, 67, in violation of the [ADEA]." (Doc. 12-1 at 1).

Rozek then filed this suit in December, 2013. Besides raising an ADEA claim, Rozek also alleges Ampro and Campbell violated Ohio's prohibitions on age-based discrimination in employment.

Count two of the complaint alleges Ampro discriminated against Rozek on the basis of age, in violation of O.R.C. § 4112.02. In count three, Rozek maintains Ampro violated O.R.C. § 4112.14 by firing him and replacing him with a younger employee.

Rozek brings counts four and five under § 4112.99, alleging Ampro fired him for complaining about the hostile work environment.

Finally, count six alleges Ampro's conduct and that of its personnel amounted to intentional infliction of emotional distress.

## Discussion

Defendants move under Fed. R. Civ. P. 12(b)(6) to dismiss counts two through six of the complaint, arguing: 1) Rozek's decision to file a charge with the OCRC precludes him from suing under Ohio's age-discrimination statutes; 2) the state-law discrimination claims are untimely; and 3) Rozek's claim for intentional infliction of emotional distress is implausible.

2

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"This standard demands that the factual allegations raise a right to relief above the speculative level and nudge the claims across the line from conceivable to plausible." *Erie Cnty. v. Morton Salt, Inc.*, 702 F.3d 860, 867 (6th Cir. 2012). Although the plausibility standard "is not akin to a probability requirement," a plaintiff must plead "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, *supra*, 556 U.S. at 678.

## A. Ohio Age-Discrimination Claims

### 1. Prohibitions on Age-Based Employment Discrimination

Like its federal counterpart, Ohio law forbids employers to discriminate against current and prospective employees on the basis of age.

Section 4112.02 of the Ohio Revised Code establishes the basic prohibition against age-based discrimination. That section makes it "an unlawful employment practice" for any employer, "because of the . . . age . . . of any person, to discharge without just cause . . . or otherwise to discriminate against that person with respect to . . . tenure, terms, conditions, or privileges of employment[.]" O.R.C. § 4112.02(A).

Another provision in the Revised Code, § 4112.14, prohibits a more specific type of discrimination, barring employers from, *inter alia*, "discharg[ing] without just cause any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job[.]" O.R.C. § 4112.14(A).

A person seeking redress for either type of discrimination may file a civil lawsuit or an administrative charge with the Ohio Civil Rights Commission.

3

Three sections of the Revised Code establish a right to sue for age-based discrimination.

Section 4112.02(N) creates a right to sue for the age-discrimination practices that § 4112.02(A) prohibits. In turn, § 4112.14(B) creates a right to sue for the more specific age-discrimination practices that § 4112.14(A) forbids. Finally, § 4112.99 provides that "[w]hoever violates [Chapter 4112] is subject to a civil action for damages, injunctive relief, or any other appropriate relief."

The right to pursue administrative remedies is in § 4112.05. That provision allows an aggrieved person to "file a charge with the [OCRC] alleging that another person has engaged or is engaging in an unlawful discriminatory practice." O.R.C. § 4112.05(A).

### 2. Election-of-Remedies Requirement

Ohio law is mostly clear that these remedies are mutually exclusive: an employee aggrieved by age-based discrimination may pursue a judicial or an administrative remedy, but not both. *Flint v. Mercy Health Partners of SW Ohio*, 940 F. Supp. 2d 743, 748 (S.D. Ohio 2013); *Senter v. Hillside Acres Nursing Ctr.*, 335 F. Supp. 2d 836, 848 (N.D. Ohio 2004).

Sections 4112.02(N) and 4112.14(B) contain explicit election-of-remedies clauses, barring a person who sues under either statute from also filing an administrative charge. *See* O.R.C. § 4112.02(N) ("a person who files a civil action under this division is barred . . . from instituting a civil action under section 4112.14 . . . and from filing a charge with the [OCRC] under section 4112.05"); O.R.C. § 4112.14(B) ("any person instituting a civil action under this section is . . . barred from instituting a civil action under division (N) of section 4112.02 . . . or from filing a charge with the [OCRC] under section 4112.05").

Likewise, a person who files with the OCRC may not thereafter sue under either § 4112.02(N) or § 4112.14(B). O.R.C. § 4112.08.

Given Rozek's filing with the OCRC, the plain language of § 4112.08 bars him from filing suit under either § 4112.02(N) or § 4112.14(B). I will therefore dismiss counts two and three with prejudice.[1]

In contrast to the provisions just discussed, § 4112.99 "has no similar express election of remedies language." *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). Moreover, the Ohio Supreme Court has not yet addressed whether filing a charge with the OCRC bars a later suit for age-discrimination under § 4112.99. *Neal v. Franklin Plaza Nursing Home*, 2009 WL 1156706, *3 (Ohio App.).

It is therefore an open question whether a litigant like Rozek, who previously filed a charge with the OCRC, may sue his employer for age-based discrimination under § 4112.99.

To resolve that question, I apply Ohio law "in accordance with the then controlling decision of the highest state court." *Ziegler*, *supra*, 249 F.3d at 517.

Because there is no Ohio Supreme Court decision on point, I must "ascertain from all available data . . . what the [Ohio Supreme Court] would decide if faced with the issue." *Id.* I may not "disregard a decision of the state appellate court on point, unless [I am] convinced by other persuasive data that the highest court of the state would decide otherwise." *Id.*

### a. Ohio Court of Appeals Precedent

---

[1] Under Ohio law, a person who states in his OCRC charge that he is making an administrative filing only to perfect his right to sue under the ADEA may file a later suit under either § 4112.02(N) or § 4112.14(B). *Borowski v. State Chem. Mfg. Co.*, 97 Ohio App. 3d 635, 642-643 (1994). However, this exception does not help Rozek because he made no such statement in his charge. (Doc. 12-1 at 1).

5

I begin with the leading decision on this question, *Balent v. Nat'l Revenue Corp.*, 93 Ohio App. 3d 419, 638 N.E.2d 1064 (1994).

In that case, two plaintiffs who had filed charges with the OCRC sued their employer for age discrimination. *Id.* at 1064. Plaintiffs brought suit under § 4112.99, alleging the employer's conduct violated the prohibition on age discrimination found in § 4112.02(A).

The common pleas court dismissed the claims, holding that "since [plaintiffs] had elected to pursue their claim with the OCRC, they were barred from pursuing a judicial remedy." *Id.*

On appeal, the Tenth District Court of Appeals held the election-of-remedies requirement applies to age-discrimination suits under § 4112.99.

The court "admit[ted] that a compelling case may be made for either position on this issue[.]" *Id.* at 1065. But in the appellate court's view, the better rule was that a litigant bringing an age-discrimination claim must elect between a judicial or an administrative remedy:

> We reach this conclusion primarily because of our belief that the carefully constructed requirements of election of remedy set forth, in some detail, in R.C. 4101.17[2] and 4112.02(N), and reiterated in 4112.08, can only be taken to express the legislature's unambiguous intention to require an election of a single administrative or statutory remedy when bringing a claim for age discrimination. If R.C. 4112.99 fails to explicitly perpetuate the scheme set up by prior statutes addressing age discrimination, it is equally lacking in explicit intent to repeal the previously established statutory scheme . . . [T]he specific and detailed articulation of available remedies and interaction between applicable statutes addressing age discrimination claims must be taken to prevail over the broad terms of R.C. 4112.99.

*Id.* at 1065.

---

[2] The prohibition on age-based employment discrimination now found in § 4112.14 was formerly in another provision of the Revised Code, § 4101.17.

Several cases besides *Balent* have also held the election requirement applies to age-discrimination suits under § 4112.99. *Vinson v. Diamond Triumph Auto Grp.*, 149 Ohio App. 3d 605, 609 (2002); *Neal*, *supra*, 2009 WL 1156706, *3-4.

### b. Federal Precedent

The federal district courts in Ohio that have addressed this question have reached conflicting results.

In *Senter*, *supra*, 335 F. Supp. 2d at 851-852, Judge Katz ruled the election-of-remedies bar precludes a litigant who has filed an administrative charge alleging age discrimination from later filing suit under § 4112.99.

To reach that conclusion, *Senter* first relied on "[t]he general consensus of Ohio appellate courts . . . that the election of remedies scheme for age discrimination claims in Ohio applies to claims brought under [O.R.C.] § 4112.99." *Id.* at 849.

*Senter* also gave weight to *Smith v. Friendship Village of Dublin, Ohio, Inc.*, 92 Ohio St. 3d 503 (2001), where the Ohio Supreme Court emphasized, in dicta, that victims of age-discrimination must elect between judicial and administrative remedies.

The question before the court in *Smith* was whether filing an administrative charge alleging handicap discrimination forecloses a later suit for such discrimination under § 4112.99.

Answering that question in the negative, the Ohio Supreme Court noted that, unlike the statutes prohibiting age-based discrimination, the statute forbidding handicap-based discrimination did not contain an election-of-remedies provision. *Smith*, *supra*, 92 Ohio St. 3d at 506.

This comparison led the court to recognize that "the General Assembly was aware that individuals might attempt to commence both administrative and judicial proceedings" when seeking

7

redress for employment discrimination. *Id.* Nevertheless, the court observed, the General Assembly had prohibited individuals from pursuing both avenues of relief "in the context of age discrimination only." *Id.*

Accordingly, because no statute required a person filing a handicap-discrimination claim to elect between judicial and administrative remedies, "both remedies [are] available for [that and] other forms of discrimination." *Id.*

Given *Smith*'s emphasis on the need to elect remedies when pursuing an age-discrimination claim, and the intermediate appellate precedent requiring an election of remedies, Judge Katz predicted in *Senter* that:

> were the issue before the Ohio Supreme Court, that court would find § 4112.99 age discrimination claims subject to Chapter 4112's election of remedies scheme. A plaintiff who first files an age discrimination charge with the OCRC therefore may not bring a civil lawsuit under any provision of Ohio Revised Code Chapter 4112.

*Senter*, *supra*, 335 F. Supp. 2d at 851.[3]

The previous year, Judge Frost of the Southern District of Ohio came to the opposite conclusion in his comprehensive opinion in *Sterry v. Safe Auto Ins. Co.*, 2003 WL 23412974 (S.D. Ohio).

The court in *Sterry* acknowledged the Ohio appellate decisions holding that the election-of-remedies bar applied to age-discrimination claims under § 4112.99. *Id.*, *8-9. But *Sterry* determined "the Ohio Supreme Court would decide the election issue differently[.]" *Id.*, *9.

---

[3] Other district court decisions to the same effect include *Pozzobon v. Parts for Plastics, Inc.*, 770 F. Supp. 376, 379 (N.D. Ohio 1991), and *Reminder v. Roadway Express, Inc.*, 2006 WL 51129, *5 & n.8 (N.D. Ohio).

*Sterry* was particularly critical of the Court of Appeals's rationale in *Balent*: that the inclusion of a detailed election-of-remedies requirement in other provisions of Chapter 4112 was strong evidence of the General Assembly's intent to extend that requirement to suits under § 4112.99.

On this point *Sterry* observed that, even though the General Assembly amended § 4112.99 *after* creating Chapter 4112's election-of-remedies provisions[4], it did not include any election requirement in § 4112.99. *Sterry*, *supra*, 2009 WL 23412974, *9. In *Sterry*'s view, the state court's rationale unfairly bound "the legislative body to an unchanging intent without any indication that adherence to that intent existed[.]" *Id.*

Judge Frost was also unpersuaded that the Ohio Supreme Court's decision in *Smith*, on which Judge Katz relied in *Senter*, shed much light on the issue.

The court in *Sterry* acknowledged *Smith*'s language that "'the General Assembly has specifically provided that individuals alleging age discrimination must choose between an administrative or judicial action.'" *Sterry*, 2009 WL 23412974, *7 (quoting *Smith*, *supra*, 92 Ohio St. 3d at 506).

However, *Sterry* pointed out *Smith* did not: 1) squarely address whether there is an election requirement for age-based discrimination suits brought under § 4112.99; or 2) say that all age-discrimination claims brought under Chapter 4112 are subject to the election bar. *Sterry*, *supra*, 2003 WL 23412974, *7-8.

---

[4] The amendment to which Judge Frost referred converted § 4112.99 from a statute with criminal penalties to one providing only civil remedies.

9

Finally, *Sterry* concluded that imposing an election requirement in a § 4112.99 suit for age discrimination would compromise the "independent" nature of the civil action that exists under § 4112.99. *Id.*, *11.

Here Judge Frost observed that, in *Elek v. Huntington Nat'l Bank*, 60 Ohio St. 3d 135, 136 (1991), the Ohio Supreme Court emphasized that the plain language of § 4112.99 "yields the unmistakable conclusion that a civil action is available to remedy any form of discrimination identified in R.C. Chapter 4112." *Elek* also characterized an action under § 4112.99 as "an independent civil action to seek redress" for discriminatory practices prohibited by Chapter 4112. *Id.* at 138.

Given that language, Judge Frost found imposing an election requirement in a § 4112.99 action "would be to reject *Elek*'s description of . . . § 4112.99 as creating an independent cause of action for . . . Chapter 4112 violations; *it would mean that there is ultimately no Ohio Rev.Code § 4112.99 age discrimination claim*." *Sterry*, *supra*, 2009 WL 23412974, *13 (emphasis added).

Although *Sterry* declined to require election in an age-discrimination suits under § 4112.99, the court acknowledged its decision rendered the election-of-remedies scheme found in §§ 4112.02, 4112.08, and 4112.14 "toothless." *Id.*, *11.

### c. The *Meyer* Decision

Finally, I turn to the Ohio Supreme Court's decision in *Meyer v. United Parcel Servs.*, 122 Ohio St. 3d 104, 106 (2009).

The plaintiff in *Meyer* filed an internal grievance after his employer, UPS, discharged him. When UPS's grievance committee upheld his discharge, plaintiff sued under § 4112.99, alleging UPS fired him because of his age.

10

UPS moved for summary judgment, arguing a provision of § 4112.14 barred plaintiff's suit. UPS relied on § 4112.14(C), which states a person may not sue for age-based employment discrimination under § 4112.14(B) if the person "has available to [him] the opportunity to arbitrate the discharge or where a discharge has been arbitrated and has been found to be for just cause." O.R.C. § 4112.14(C).

Plaintiff countered § 4112.14(C) was inapplicable, given that he brought suit under § 4112.99, not § 4112.14.

The common pleas court agreed with UPS and held that, because plaintiff had unsuccessfully grieved his discharge, § 4112.14(C) barred plaintiff's suit.

The appellate court reversed, and the Ohio Supreme Court granted review to decide whether "an age discrimination claim brought under the general language of R.C. 4112.99 is subject to the substantive provisions of R.C. 4112.02 and R.C. 4112.14." *Meyer*, *supra*, 122 Ohio St. 3d at 106.

In answering that question in the affirmative, the court in *Meyer* announced several principles bearing directly on my analysis here.

First, the court characterized § 4112.99 as a "gap-filling provision, establishing civil liability for violations of rights for which no other provisions for civil liability has been made." *Id.* at 110.

Second, the court stated "[b]ecause age-discrimination claims *are* specifically addressed in R.C. Chapter 4112, it necessarily follows from [our precedent] that age-discrimination claims *are not* governed by the general gap-filling provision of R.C. 4112.99." *Id.* at 111 (emphasis in original).

Third, the court emphasized that even if a plaintiff sues only under § 4112.99 – and makes no reference to the other provisions of Chapter 4112 governing age-discrimination claims – the

plaintiff's claim still "must be governed by the specific statutory directives in R.C. Chapter 4112" that address age discrimination. *Id.* at 115.

Having established this framework for reconciling § 4112.99 and the statutes respecting age-based employment discrimination, *Meyer* held "that R.C. 4112.14(C) must apply to Meyer's age-discrimination claim," even though plaintiff brought suit under § 4112.99. *Id.* at 116.

### 3. Application to Rozek's Claims

Given the reasoning in *Meyer* – and the weight of authority from the state and federal courts in Ohio – I conclude the Ohio Supreme Court would hold the election-of-remedies requirements in § 4112.08 bars Rozek from bringing age-discrimination claims under § 4112.99.

Most importantly, *Meyer* emphasized "R.C. 4112.99 plays no specific role as to age discrimination claims." *Meyer*, *supra*, 122 Ohio St. 3d at 111. On the contrary, that statute is merely a "gap-filling provision" that is inapplicable when other, more specific provisions of Chapter 4112 address a plaintiff's claim. *Cf. McCormick v. AIM Leasing Co., Inc.* 2012 WL 5874373, *3 (N.D. Ohio) ("In the context of age discrimination, however, R.C. 4112.99 does not substantively add to what has already been provided in Chapter 4112.").

These statements undermine a key premise of *Sterry*, the most persuasive authority on Rozek's side.

There Judge Frost declined to read an election requirement into § 4112.99 age-discrimination claims, in part because doing so would compromise the independent nature of such a suit. *See Sterry*, *supra*, 2003 WL 23412974, *13.

However, a necessary corollary of *Meyer*, a post-*Sterry* decision, is that there is no free-standing claim for age discrimination under § 4112.99.

12

Rather, § 4112.99 has no specific role to play in any age-discrimination suit, given that §§ 4112.02 and 4112.14 deal specifically with age discrimination. Accordingly, an age-discrimination claim brought under § 4112.99 is, for all intents and purposes, a claim under either § 4112.02 or § 4112.14. *See Meyer*, *supra*, 122 Ohio St. 3d at 112. And both types of age-discrimination claims are subject to an election-of-remedies requirement.

Furthermore, while *Meyer* did not address the precise issue Rozek's case raises, there is no material distinction between the two cases.

Like the plaintiff in *Meyer*, Rozek purports to bring age-discrimination claims under § 4112.99. And as in *Meyer*, the defense here contends a provision that limits available remedies for an age-discrimination claim, though not expressly included in § 4112.99, bars Rozek from pursuing those claims in a § 4112.99 action.

In these circumstances, I am persuaded the Ohio Supreme Court would hold Rozek cannot avoid the election-of-remedies bar in § 4112.08 by invoking § 4112.99. Indeed, a contrary holding would permit precisely what *Meyer* said was impermissible: the "elevat[ion of] R.C. 4112.99 beyond its possible reach for age discrimination claims," which would make "irrelevant the specific age discrimination statutes" in Chapter 4112. *Meyer*, *supra*, 122 Ohio St. 3d at 115.

Despite their labeling as claims under § 4112.99, counts four and five of Rozek's complaint have their foundation in §§ 4112.02 and 4112.14. As *Meyer* emphasized, "all age-discrimination claims must be governed by the specific statutory directives in R.C. Chapter 4112[,]" not by § 4112.99. *Id.*  And those directives include § 4112.08, which expressly bars a person who has filed a charge with the OCRC from bring suit under § 4112.02 or § 4112.14.

13

For these reasons, Rozek may not pursue his age-discrimination claims under § 4112.99, and I will dismiss counts four and five with prejudice.[5] Given this conclusion, I need not address defendants' arguments respecting the statute of limitations.

## B. Intentional Infliction of Emotional Distress

A claim for intentional infliction of emotional distress "charges that the defendant, by extreme and outrageous conduct, has intentionally or recklessly caused serious emotional distress to him and is subject to liability for such emotional distress[.]" *McNeil v. Case W. Reserve Univ.*, 105 Ohio App. 3d 588, 593 (1995).

"[T]o say that Ohio courts narrowly define 'extreme and outrageous conduct' would be something of an understatement." *Baab v. AMR Servs. Corp.*, 811 F. Supp. 1246, 1269 (N.D. Ohio 1993). The complained-of behavior must "go beyond all possible bounds of decency," and must "be regarded as atrocious, and utterly intolerable in a civilized community." *Yeager v. Local Union 20*, 6 Ohio St. 3d 369, 375 (1983).

Additionally, the resulting emotional distress "must be so serious that a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances." *McNeil*, *supra*, 105 Ohio App. 3d at 593.

To support his intentional-infliction-of-emotional distress claim, Rozek contends defendants "disrespect[ed]," "emotionally abus[ed]," and "intimidat[ed]" him because of his age. (Doc. 1 at

---

[5] I note my conclusion is consistent with *Campolieti v. Cleveland Dep't of Pub. Safety*, 2013 Ohio 5123, ¶¶43-44, where the Eighth District Court of Appeals concluded, post-*Meyer*, that an age-discrimination plaintiff cannot evade the limitations on the relief available in a § 4112.14(B) suit by recasting his claim as one under § 4112.99.

¶14). Rozek also alleges Campbell "demeaned" him for complaining about the hostile work environment.

However, Rozek does not plead specific examples of the foregoing conduct.

Indeed, the only specific conduct cited in the complaint concerns a settlement letter Ampro's attorney sent Rozek's former lawyer. In the letter, Ampro's counsel made these comments:

- "If Mr. Rozek files suit, there will be no settlement. [Ampro] will take it to final adjudication. Mr. Rozek will be made an example of."

- "Rozek undeniably perjured himself multiple times" in a hearing before the OCRC.

- "[J]ust think what any potential employer will think when they run a background check, or even Google [Rozek's] name, and find out he filed a frivolous ADA claim against his former employer. He'll never work again."

(Doc. 1-2 at 2-3).

Even viewing the allegations in the light most favorable to Rozek, I cannot find he has pled a plausible claim for intentional infliction of emotional distress.

First, Rozek's allegations concerning Ampro's disrespectful, abusive, and intimidating conduct in the workplace are entirely conclusory. Because he does not specify how Ampro or its employees disrespected, emotionally abused, and intimidated him, there is no basis in the complaint for inferring Ampro's conduct *was* disrespectful, abusive, and intimidating – let alone that it "went beyond all possible bounds of decency." *Yeager*, *supra*, 6 Ohio St. 3d at 375; *see also In re Porsche Cars N. Am., Inc.*, 880 F. Supp. 2d 801, 814 (S.D. Ohio 2012) ("Although Rule 8 does not require detailed factual allegations, it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

Second, it is unclear if Rozek may support his claim with the settlement letter, given that Ampro addressed the letter to counsel, not Rozek. However, it seems reasonably foreseeable

15

Rozek's attorney would at least discuss the letter with Rozek, and in all likelihood show it to him. Accordingly, I reject defendants' argument I may not consider the settlement letter.

That said, the letter is insufficient to establish a plausible claim for intentional infliction of emotional distress.

Even being most charitable to Rozek, the letter shows Ampro's counsel engaging only in hyperbole and overwrought bluster for the purpose of inducing Rozek to halt further legal proceedings.

Importantly, the letter was written by one party to a contested legal dispute. Given the rough-and-tumble, adversarial world of litigation, Rozek (and others) "must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind. There is no occasion for the law to intervene in every case where some one's feelings are hurt." *Yeager*, *supra*, 6 Ohio St. 3d at 672.

Third, I note there are no specific allegations in the complaint supporting a plausible inference that Rozek incurred an "emotional injury which is both severe and debilitating." *Foster v. McDevitt*, 31 Ohio App. 3d 237, 240 (1986). The claim thus founders on this independent basis, too.

For all of these reasons, I will dismiss count six with prejudice.

**Conclusion**

For the reasons set forth above, it is

ORDERED THAT defendants' partial motion to dismiss (Doc. 10) be, and the same hereby is, granted.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge

17